# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALBERT LERMA GUADIANO, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**EXPRESS EMPLOYMENT,** )<br>**PROFESSIONALS** d/b/a, )<br>**EXPRESS SERVICES, INC.,** a corporation )<br>doing business in Oklahoma, )<br>)<br>**Defendant.** ) | CIV-21-811-JD<br><br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

## COMPLAINT

COMES NOW, Plaintiff, Albert Lerma Guadiano, Jr., and submits his Complaint against Corporate Defendant, Express Employment Professionals, doing business as Express Services, Inc., alleging Race Discrimination in his employment with Defendant, that is in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.*, as amended, and 42 U.S.C. § 1981. Plaintiff also alleges violation of the Freedom of Association under the U.S. CONST. amend. I. and states the following:

### I.      THE PARTIES

1.      Plaintiff, Albert Lerma Guadiano, Jr., (hereinafter "Plaintiff") is a Hispanic-American male, who for all material times, resided in Oklahoma City, County of Oklahoma.

1

2. Corporate Defendant, Express Employment Professionals d/b/a, Express Services, Inc., (hereinafter "Express" or "Defendant"), is a corporation or entity doing business in Oklahoma County.

3. Laurie Maggio (hereinafter "Ms. Maggio") was a supervisor for Defendant during the relevant time period; therefore, Ms. Maggio is Defendant's agent.

## II.   JURISDICTION AND VENUE

4. The Court has jurisdiction over the parties and subject matter of this Complaint pursuant to 42 U.S.C. § 2000e-(5) and 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), as all the actions complained of herein occurred in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is within the Western District of the United States District Court of Oklahoma and thus venue is appropriate in this Court.

## III.   PROCEDURE

6. Plaintiff filed his Charge of Discrimination with the Oklahoma Attorney General's Office, Office of CR Enforcement, whereby an investigation ensued. Thereafter, the agency mailed Plaintiff his Right to Sue Letter on May 17, 2021 entitling him to institute a civil action in the appropriate forum within ninety (90) days of the date of receipt of said notice. This action was initiated within the said ninety (90) days. Plaintiff has timely and properly exhausted his administrative remedies.

## IV.   FACTS

7. Plaintiff, Albert Lerma Guadiano, Jr., is a Hispanic- American male, who was a Data Entry & Transfer Specialist at Express Employment Professionals headquarters located in Oklahoma City, Oklahoma. Express is a staffing agency that helps people gain employment based on their job skills and experience. Every person who gains employment through Express works at their respective company on a contract basis until and/or unless the company decides to hire the employee on a permanent basis.

8. During the time periods relevant to Plaintiff's claims, he had only been working at Express' headquarters for several months; however, he had gained employment through Express for several years.

9. In February 2020, Plaintiff began at Express' headquarters at the W2 Help Desk answering the phones, updating employees information and sending out tax information. A few weeks later, Plaintiff was offered a position to work with the Enterprise Project Management Office Team (hereinafter "EPMO") as a Data Entry & Transfer Specialist while training to become an Intake Coordinator and/or Project Manager.

10. Ms. Maggio, the team supervisor, was responsible for training Plaintiff to become an Intake Coordinator and/or Project Manager. While he was working as a Data Entry & Transfer Specialist, Plaintiff also assisted with the Roll Call—the process by which it is determined which employees are working from home, the building or absent.

11. When Plaintiff joined the team, he was one (1) of five (5) members and the only Hispanic-American team member; later on, the team added an additional person bringing the total to six (6). Plaintiff was still the only Hispanic-American team member.

12. During the summer of 2020, there were country-wide protests, riots and marches in support of the Black Lives Matter Movement, more specifically the deaths of George Floyd and Breana Taylor.

13. In March 2020, prior to the protests, Plaintiff's team members began making comments such as "things are getting political" and "be a fly on the wall". Around this same time, Ms. Maggio began training with Plaintiff, she immediately started making derogatory remarks towards him.

14. Ms. Maggio, during her conversations with Plaintiff, started speaking in a demeaning tone and overbearing manner saying things such as "Are you stupid?", "Are you colorblind?" and other microaggressions; however, she did not speak to the other members of the team in that manner.

15. On June 3, 2020, Plaintiff and his teammates had a virtual lunch call. Ms. Maggio begins the conversation asking everyone their opinions regarding the protests and riots. As Plaintiff gave his opinion on the rioters, he also stated he supported Black Lives Matter, and Ms. Maggio rudely and abruptly interrupted him, and began yelling at him "Why are you being divisive?". After a little back and forth, the conversation ended.

16. Shortly thereafter, Ms. Maggio's microaggression towards Plaintiff intensified and he was eventually terminated in August due to a "business decision". Plaintiff brings the following causes of action:

## [FIRST CAUSE OF ACTION]
## Racial Discrimination in Violation of Title VII and 42 U.S.C. § 1981

17. Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through sixteen (16) as if fully restated herein, and further alleges and states:

18. Defendant and/or Ms. Maggio unlawfully discriminated against Plaintiff because of his race, a Mexican-American who identifies as Hispanic, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.*, as amended, and 42 U.S.C. § 1981.

19. Defendant and/or Ms. Maggio treated similarly-situated non-Hispanic American or employees more favorably in terms, privileges and conditions of their employment than Plaintiff was so treated.

20. While employed by Defendant, Plaintiff was subjected to different and/or less favorable treatment with regard to the terms, conditions and/or privileges of his employment and discriminated against because of his race. Such adverse actions included, but were not limited to, unjustified microaggressions, substantial decrease in work hours and unequal treatment as compared to similarly situated Caucasian ("White") employees.

21. Defendant's reason for terminating Plaintiff was mere pretext for unlawful discrimination based on Plaintiff's race as Hispanic-American.

22. Defendant's agent, Ms. Maggio's reason for terminating Plaintiff was mere pretext for unlawful discrimination based on Plaintiff's race as Hispanic-American.

23. Defendant's actions were intentional, willful and in reckless disregard of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.*, as amended, and 42 U.S.C. § 1981.

24. Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages. Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for an employer's violation of Section 1981, including without limitation, back pay, compensatory damages, punitive damages, costs and reasonable attorney's fee against Defendant for such unlawful conduct.

25. Plaintiff is also entitled to all remedies and relief provided for a willful violation of Title VII, including without limitation, back pay, compensatory damages, punitive damages, costs and reasonable attorney's fee against Defendant for such unlawful conduct.

### [SECOND CAUSE OF ACTION]
### Freedom of Association in Violation of the First Amendment
### Of the United States Constitution

26. For his Second Cause of Action, Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through twenty-five (25) as if fully restated herein, and further alleges and states:

27. The U.S. CONST. amend. I states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances".

28. The U.S. Supreme Court has explicitly stated and recognized that the Freedom to Associate is implicit within the meaning of the First Amendment's right to peaceably assemble. "It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured . . . which embraces freedom of speech." *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460 (1958).

29. Defendant and/or its agents unlawfully discriminated against Plaintiff because of his support for the Black Lives Matter Movement in violation of the U.S. CONST. amend. I.

30. Plaintiff, after being asked his opinion regarding the country-wide protesting surrounding the death of George Floyd, stated he strongly supported the Black Lives Matter Movement. Afterwards, Ms. Maggio's began treating Plaintiff differently and her current microaggressions intensified.

31. Plaintiff was subjected to constant unjustified microaggressions, substantial decrease in work hours and unequal treatment as compared to similarly situated Caucasian ("White") employees.

32. Ms. Maggio's actions were mere pretext for unlawful discrimination based on Plaintiff's freedom to associate.

33. Ms. Maggio's actions were intentional, willful and in reckless disregard of Plaintiff's rights protected by the First Amendment.

34. Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages. Accordingly, Plaintiff is entitled to all remedies to which a

prevailing plaintiff is entitled for an employer's violation of the First Amendment, including but not limited to, compensatory damages, reasonable attorney's fee and costs against Defendant for such unlawful conduct.

WHEREFORE, Plaintiff, Albert Lerma Guadiano, Jr., prays for judgment in his favor against Defendant for all his causes of action, and that he be awarded all available compensatory damages, including but not limited to, lost wages and benefits, punitive damages, attorney's fees and costs, and for such other and further relief as may be available in law and equity.

Respectfully submitted,

s/Anissa E. Paredes
Anissa E. Paredes, OBA #34318
GREEN JOHNSON MUMINA & D'ANTONIO
4101 Perimeter Center Drive, Suite 110
Oklahoma City, Oklahoma 73112
Phone:       (405) 702-7228
Facsimile:   (405) 702-6898
Email:       anissa@gjmlawyers.com
**ATTORNEY FOR PLAINTIFF
ALBERT LERMA GUADIANO, JR.**